UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BEVERLY A. WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV141 RWS |
| ) | |
| AVIS RENT-A-CAR SYSTEM, INC. ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Additionally, the Court will order plaintiff to show cause why this action should not be summarily dismissed as time-barred.

### Background

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A

case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. E.g., Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as well as the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq., the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., and the Rehabilitation Act, 29 U.S.C. §§ 701, et seq., for alleged race, color, disability and age discrimination. Named as defendants are her former employer, Avis Rent-A-Car, as well as plaintiff's former supervisor, Kathy Mizell.

Specifically, plaintiff alleges that she was employed by Avis from July 1981 until November 9, 2009, when she was informed by her supervisor, Kathy Mizell, the Airport Manager, that she would no longer be able to drive a bus. Plaintiff claims that she was "forced to retire" for discriminatory reasons, and she asserts that she was told by defendant Mizell that she needed to see a doctor because she was sick and losing weight from her lupus.

Plaintiff has attached to her complaint several documents, including a copy of a right to sue letter from the Missouri Commission on Human Rights ("MCHR"), dated November 1, 2012. Also attached to the complaint is a charge of discrimination signed and dated by plaintiff on August 18, 2011, but stamped as "received by" the Equal Employment Opportunity Commission ("EEOC") on

August 24, 2011. Plaintiff has not attached a right to sue letter from the EEOC to her complaint, however, she has attached correspondence to her complaint which references her receipt of a right to sue from the EEOC on August 9, 2012.

**Discussion**

"[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). Plaintiff was required to file her charge of discrimination with the EEOC or with the MCHR within 300 days of the allegedly discriminatory occurrence. See 42 U.S.C. § 2000e–5(e)(1) (providing for such a period where claims are filed with "a State or local agency with authority grant or seek relief from such practice or to institute criminal proceedings with respect thereto ..."); see also Holland v. Sam's Club, 487 F.3d 641, 643 & n. 3 (8th Cir.2007) (holding that the MCHR is such an agency per Mo.Rev.Stat. § 213.030). Title VII plaintiffs are required to exhaust their administrative remedies with the EEOC, or the comparative state agency, before bringing a formal action. Tyler v. Univ. of Ark. Bd. of Trs., 628 F.3d 980, 989 (8th Cir.2011); Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 638 (8th Cir.2003) (failure to exhaust administrative remedies requires dismissal of ADA action, precluding plaintiff from obtaining review of his ADA claim); Malone v. Ameren

UE, No. 4:09CV00053, 2010 U.S. Dist. LEXIS 18611, at *6, 2010 WL 750075 (E.D.Mo. Mar. 2, 2010) (dismissing plaintiff for failure to exhaust his administrative remedies with respect to his claims of gender and disability discrimination). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir.1994) (citing Patterson v. McLean Credit Union, 491 U.S. 164, 180–81, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989)). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e).

The complaint alleges that the discrimination occurred when plaintiff was terminated from her job at Avis on November 9, 2009. It appears that plaintiff's EEOC charge was not received until August 24, 2011. Assuming the allegations in favor of plaintiff, the charge of discrimination was filed almost a year outside the permissible 300–day period.[1] Therefore, plaintiff's Title VII claims appear to be time-barred by 42 U.S.C. § 2000e–5(e)(1) and subject to dismissal for failure to

---

[1] The 300-day time period would have elapsed on September 6, 2010.

timely exhaust her administrative remedies. Plaintiff will be directed to show cause why her case should not be dismissed as time-barred.[1]

Because plaintiff is pro se, the Court will give plaintiff the opportunity to show cause why the case should not be dismissed as time-barred. However, given that this case does not appear complicated, the Court will not appoint counsel at this time. Plaintiff's failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

Accordingly

---

[1] Additionally, a plaintiff in a Title VII action has ninety (90) days from receipt of the right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). Even if plaintiff could somehow overcome the statutory time period by which she had to file her charge of discrimination, by statute, she also had to file her lawsuit in a timely manner. If, as noted in the correspondence attached to plaintiff's complaint, she received her EEOC right to sue on August 9, 2012, the instant action would be time-barred, as it was not filed with this Court until January 22, 2013, more than 56 days late. Failure to file a timely civil action warrants dismissal of the complaint. E.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir. 1984).

Although plaintiff has attached the MCHR right to sue to the instant complaint, there is no indication in the complaint that she is proceeding with a discrimination or retaliation claim under the Missouri Human Rights Act against defendants. Moreover, if plaintiff's EEOC claims are in fact time-barred, this Court would lack jurisdiction over any state-law discrimination claims. As the parties appear to be citizens of the same state, there are no grounds for diversity jurisdiction in the instant case. See 28 U.S.C. § 1332.

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [#2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this case should not be dismissed as time-barred.

Dated this 1st day February, 2013.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE