UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BEVERLY A. WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV141 RWS |
| ) | |
| AVIS RENT-A-CAR SYSTEM, INC. ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff's response to the Court's February 1, 2013 Show Cause Order why this matter should not be summarily dismissed as time-barred. Having carefully reviewed plaintiff's response, the Court concludes that her arguments are without merit and that the instant action is time-barred under 42 U.S.C. § 2000e-5(e)(1).

**Background**

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. E.g., Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as well as the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq., the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., and the Rehabilitation Act, 29 U.S.C. §§ 701, et seq., for alleged race, color, disability and age discrimination.  Named as defendants are her former employer, Avis Rent-A-Car, as well as plaintiff's former supervisor, Kathy Mizell.

Plaintiff alleges that she was employed by Avis from July 1981 until November 9, 2009, when she was informed by her supervisor, Kathy Mizell, the Airport Manager, that she would no longer be able to drive a bus.  Plaintiff claims that she was "forced to retire" for discriminatory reasons, and she asserts that she was told by defendant Mizell that she needed to see a doctor because she was sick and losing weight from her lupus.

Plaintiff has attached to her complaint several documents, including a copy of a right to sue letter from the Missouri Commission on Human Rights ("MCHR"), dated November 1, 2012.  Also attached to the complaint is a charge of discrimination signed and dated by plaintiff on August 18, 2011, but stamped as "received by" the Equal Employment Opportunity Commission ("EEOC") on August 24, 2011.  Plaintiff has not attached a right to sue letter from the EEOC to

her complaint, however, she has attached correspondence to her complaint which references her receipt of a right to sue from the EEOC on August 9, 2012.

## Discussion

"[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000).

Plaintiff was required to file her charge of discrimination with the EEOC or with the MCHR within 300 days of the allegedly discriminatory occurrence. See 42 U.S.C. § 2000e–5(e)(1) (providing for such a period where claims are filed with "a State or local agency with authority grant or seek relief from such practice or to institute criminal proceedings with respect thereto ..."); see also Holland v. Sam's Club, 487 F.3d 641, 643 & n. 3 (8th Cir.2007) (holding that the MCHR is such an agency per Mo.Rev.Stat. § 213.030).

The complaint alleges that the discrimination occurred when plaintiff was terminated from her job at Avis on November 9, 2009. It appears that plaintiff's EEOC charge was not received until August 24, 2011. Assuming the allegations in favor of plaintiff, the charge of discrimination was filed almost a year outside the permissible 300–day period.[1]  Therefore, plaintiff's Title VII claims are time-barred

---

[1] The 300-day time period would have elapsed on September 6, 2010.

by 42 U.S.C. § 2000e–5(e)(1), and her complaint is subject to dismissal due to plaintiff's failure to timely exhaust her administrative remedies.[2]

As a result, plaintiff's claims brought pursuant to Title VII are time-barred unless equitable tolling applies to her claims.

In her response to the Order to Show Cause, plaintiff asserts that she has been trying to retain an attorney for her case because she was unsure of how to file an action pro se. She additionally states that she was a dedicated employee at Avis for a number of years.

In Turner v. Bowen, 862 F.2d 708 (8th Cir. 1988), the United States Court of Appeals for the Eighth Circuit explained the kinds of circumstances that can support the equitable tolling of the statute of limitations:

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. Smith v. McClammy, 740 F.2d 925, 927

---

[2]Additionally, a plaintiff in a Title VII action has ninety (90) days from receipt of the right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). Even if plaintiff could somehow overcome the statutory time period by which she had to file her charge of discrimination, by statute, she also had to file her lawsuit in a timely manner. If, as noted in the correspondence attached to plaintiff's complaint, she received her EEOC right to sue on August 9, 2012, the instant action would be time-barred, as it was not filed with this Court until January 22, 2013, more than 56 days late. Failure to file a timely civil action warrants dismissal of the complaint. E.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir. 1984).

> (11th Cir.1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." Wong v. Bowen, 854 F.2d 630, 631 (2d Cir.1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court). And this court has recognized the principle that "ignorance of legal rights does not toll a statute of limitations." Larson v. American Wheel & Brake, Inc., 610 F.2d 506, 510 (8th Cir.1979).

Turner, 862 F.2d at 710; see also, Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989) (noting that courts have generally reserved the remedy of equitable tolling for circumstances which are truly beyond the control of the plaintiff or when the conduct of the respondent has lulled the plaintiff into inaction).

Equitable tolling, however, is an exceedingly narrow window of relief. Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling. Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad v. Hvass, 267 F.3d 803, 805-07 (8th Cir. 2001) (unsuccessful search for counsel could not warrant equitable tolling).

Under these principles, equitable tolling is not warranted in this case because the circumstances described by plaintiff are not extraordinary, nor are they outside of plaintiff's control. As a result, the complaint is time-barred and will be dismissed.

Moreover, to the extent that plaintiff does, indeed, have state law claims for discrimination or retaliation against defendant, the Court will decline to exercise jurisdiction over any such unarticulated claims.

Accordingly

**IT IS HEREBY ORDERED** that plaintiff's complaint, brought pursuant to is **DISMISSED** as time-barred. 42 U.S.C. § 2000e-5(e)(1).

**IT IS FURTHER ORDERED** that to the extent that plaintiff has any unarticulated state law discrimination or retaliation claims against defendants, the Court declines to exercise supplemental jurisdiction over these claims. 28 U.S.C. § 1367(c).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 19th day of March, 2013.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE